USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____11/18/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

NAVIG8 CHEMICALS ASIA PTE., LTD. and NAVIG8 :
CHEMICALS POOL, INC.,

                                 Petitioners,

                 -v-

CREST ENERGY PARTNERS, LP,

                                 Respondent.

------------------------------------------------------------------X

15 Civ. 7639 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This decision resolves a petition to confirm an arbitration award. On September 28, 2015, petitioners Navig8 Chemicals Asia PTE, Ltd. and Navig8 Chemicals Pool, Inc. (together, "Navig8") filed a petition to confirm an arbitration award pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"), and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention"), and to recover interest, attorneys' fees, and costs (the "Petition"). Dkt. 1 ("Pet."). The same day, Navig8 moved to confirm the arbitral award, Dkt. 2, and filed a memorandum of law in support, Dkt. 3 ("Navig8 Br."). Respondent Crest Energy Partners LP ("Crest") has not opposed the Petition or otherwise appeared in this action.

For the reasons that follow, the Court confirms the award and grants Navig8's request for accrued interest. The Court is also prepared to grant Navig8's application for reasonable attorneys' fees and costs, and gives Navig8 two weeks to submit specification and documentation of these fees and costs, as well as a memorandum explaining why they are reasonable.

I.      **Background**

        A.      **Factual Background[1]**

       Navig8, a collection of foreign companies headquartered in Singapore, owns and operates the Songa Peace, a chemical tanker.  Pet. ¶¶ 2–3.  Crest is an American company, headquartered in Delaware.  Pet. ¶ 4.

       On July 15, 2014, Navig8 and Crest entered into a charter party (the "Charter"), Dkt. 2, Ex. 2, for Crest to charter the Songa Peace to carry cargoes of mixed hydrocarbons on two consecutive voyages from the Bahamas to Texas.  Pet. ¶ 5; Award at 2.  The Charter provides for a lump sum payment of $535,000 per voyage, laytime of 72 hours per voyage, and a demurrage rate of $18,500 per day pro rata for any excess time beyond the agreed laytime.  Award at 2; Charter at 4–5.  Clause 24 of the Charter provides for resolution of any dispute arising under the Charter by a three-member arbitral panel in New York or London, with one arbitrator to be appointed by Navig 8, one by Crest, and one by the two so chosen.  Pet. ¶ 6; Charter at 10–11. The same clause authorizes the panel to award damages, costs, and attorneys' fees, and provides for the enforcement of any arbitral award by "any Court having jurisdiction in the premises." Charter at 11; Unger Aff. ¶ 18.

       A dispute arose after Crest failed to perform its duties in connection with both voyages. As to the first voyage, Crest, despite due demand, failed to compensate Navig8 for demurrage and other costs.  Award at 2–3; Navig8 Br. 1–2; Owens Dec. ¶ 7.  As to the second, Crest failed to provide cargo for the tanker or pay for the voyage.  Award at 3; Navig8 Br. 3; Owens Dec. ¶

---

[1] The following facts are derived from the Petition; Navig8's memorandum of law in support, Navig8 Br.; an affidavit by Navig8's outside counsel, Dkt. 1, Ex. 1 ("Unger Aff."); a declaration by Navig8's in-house counsel, Dkt. 2, Ex. 1 ("Owens Dec."); and the Final Award of Arbitrator ("the Award"), dated July 15, 2014, Dkt. 1, Ex. 7.

8.  After a 20-day waiting period, during which Crest instructed Navig8 to hold the Songa Peace at the loading port, Crest cancelled the Charter due to its "inability to perform."  Award at 4–5; Navig8 Br. 3; Owens Dec. ¶ 8.

### B.      Arbitration

On December 10, 2014, Navig8 made a demand against Crest for arbitration in New York and designated Louis P. Sheinbaum as its party-appointed arbitrator.  Award at 2; Unger Aff. ¶ 8.  Crest consented to such arbitration and appointed Peter D. Clark as its chosen arbitrator.  *Id.*  Sheinbaum and Clark then appointed David W. Martowski as third arbitrator and panel chairman.  *Id.*

On June 17, 2015, Navig8 submitted its claim for $672,894.75, plus attorneys' fees and costs.  Award at 1–2; Unger Aff. ¶ 9.  The following day, Crest's counsel advised that it was withdrawing based on Crest's non-payment of legal fees.  Award at 2; Unger Aff. ¶ 10.  On July 16, 2015, with Crest having failed to respond to Navig8's showing, the panel advised the parties that it was prepared to proceed, but would give Crest an additional 15 days to respond.  Award at 2; Unger Aff. ¶ 11–12.  On August 3, 2015, with Crest still having not responded, the panel closed the record.  *Id.*

On September 11, 2015, the panel issued the Award, unanimously finding that Crest had breached the Charter in connection with both voyages.  Award at 4, 6.  The panel ruled that Navig8 is entitled to recover a total of $765,436.98 from Crest, comprised of: (1) $672,894.75 in damages; (2) $20,670.77 in pre-accrued interest; (3) $17,400 in arbitrators' fees; and (4) $54,471.46 in attorneys' fees and costs.  Award at 7; Unger Aff. ¶ 13.  The panel also ruled that, if the Award is not satisfied within 30 days of its issuance (October 11, 2015), interest will

resume accruing at the prime lending rate on the principal amount until the Award has been

satisfied or reduced to judgment.  Award at 8; Unger Aff. ¶ 13.

### C.      This Action

On September 28, 2015, with Crest having failed to respond or pay any of the Award, *see*

Unger Aff. ¶ 14–17, Navig8 filed this action, seeking confirmation of the Award.  Pet. 1–2.

Service was executed on October 9, 2015, Dkt. 19; the deadline for Crest to respond to the

Petition was November 4, 2015, Dkt. 20.

On November 6, 2015, in response to Crest's failure to timely respond, Navig8 obtained

a certificate of default from the Clerk of Court.  Dkt. 24.  The Court ordered Crest to respond by

November 12, 2015, and warned that if Crest failed to do so, the Court would treat the Petition as

an unopposed motion for summary judgment.  Dkt. 26, at 2.  On November 6, 2015, Navig8

served such order on Crest.  Dkt. 27.  To date, Crest has not appeared in this action or responded

to the Petition.

## II.      Discussion

Navig8 seeks confirmation of the Award, with interest, as well as attorneys' fees and

costs.  Because Crest has not filed a response, the Court treats the Petition as an unopposed

motion for summary judgment.  *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir.

2006) ("[G]enerally a district court should treat an unanswered removed petition to

confirm/vacate [an arbitral award] as an unopposed motion for summary judgment.").

### A.      Applicable Legal Standards

Arbitral awards are not self-enforcing.  Rather, they "must be given force and effect by

being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power*

*Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at \*1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair*, 462 F.3d at 104) (internal quotation mark omitted).

Chapter 2 of the FAA, 9 U.S.C. §§ 201–08, which codifies the New York Convention, governs arbitration agreements that arise from a "legal relationship, whether contractual or not, which is considered commercial," except when those relationships are "entirely between citizens of the United States" and are otherwise domestic in nature.  9 U.S.C. § 202.  Applying § 202, the Second Circuit has held that where an agreement to arbitrate "involve[s] parties domiciled or having their principal place of business outside [the United States]," that agreement is governed by the Convention.  *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997) (internal citation omitted).  Because Navig8 Chemicals Asia PTE, Ltd. and Navig8 Chemicals Pool, Inc. are incorporated outside of the United States, the New York Convention governs the Petition.  *See Farrell v. Subway Int'l, B.V.*, No. 11 Civ. 08 (JFK), 2011 WL 1085017, at \*1 (S.D.N.Y. Mar. 23, 2011) (New York Convention governs arbitration agreements involving "at least one foreign party").

However, where, as here, arbitration was conducted in the United States, Chapter 2 and the Convention "allow a court in the country under whose law the arbitration was conducted to apply domestic arbitral law, in this case the FAA."  *Yusuf Ahmed Alghanim & Sons*, 126 F.3d at 21; *see also Halcot Navigation L.P. v. Stolt—Nielsen Transp. Grp., BV*, 491 F. Supp. 2d 413, 420 (S.D.N.Y. 2007) (when arbitration is governed by the New York Convention, "this Court can also look to domestic arbitration law, specifically the FAA").  The FAA, in turn, provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'"  *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at \*2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg,* 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the

party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir.

2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)) (internal quotation marks

omitted).  However, "[e]ven when a motion for summary judgment is unopposed, the district

court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter

of law."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also*

*Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[E]ven when a nonmoving party chooses

the perilous path of failing to submit a response to a summary judgment motion, the district court

may not grant the motion without first examining the moving party's submission to determine if

it has met its burden of demonstrating that no material issue of fact remains for trial.").

> In reviewing an unopposed motion for confirmation of an arbitration award, a court:
>
> may not grant the motion without first examining the moving party's submission to
> determine if it has met its burden of demonstrating that no material issue of fact
> remains for trial.  If the evidence submitted in support of the summary judgment
> motion does not meet the movant's burden of production, then summary judgment
> must be denied *even if no opposing evidentiary matter is presented*.

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the

arbitrator's jurisdiction, or otherwise was contrary to law[,] . . . a court must grant an order to

confirm an arbitration award upon the timely application of a party."  *Herrenknecht Corp. v. Best*

*Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9

U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B.        Confirmation of the Arbitral Award

Navig8 asks the Court to confirm the Award and enter a judgment for $765,436.98, with interest, against Crest.  Based on its review of the Award and Navig8's submissions, and having undertaken the limited review that is appropriate here, the Court agrees that there is no material issue of fact for trial, and that the Award was properly entered.

The three arbitrators, one of whom was appointed directly by Crest, acted within the scope of the authority granted to them by the parties in clause 24 of the Charter.  *See* Charter at 10.  The panel unanimously concluded that Crest's failure to pay demurrage and other costs under the first voyage, and complete failure to perform the second voyage, "constituted blatant and fundamental breaches that went to the very heart of the parties' contract."  Award at 6–7. After assessing each component of Navig8's claim for damages—including, *inter alia*, demurrage, bunker expenses, survey costs, cleaning expenses, and loss of profit—the panel concluded that Navig8 was entitled to the full $765,436.98, plus interest, costs, and attorneys' fees.  *Id.* at 4, 6–8.  Far from arbitrary, this decision was based on the panel's consideration of— and is supported by—the exhibits, documents, and declaration submitted by Navig8.  *Id.* at 4, 6. There was, therefore, at least a "barely colorable justification for the outcome reached," *Landy Michaels Realty Corp.*, 954 F.2d at 797, if not substantially more.  Accordingly, the Court confirms the arbitral award against Crest in favor of Navig8.

### C.    Attorneys' Fees and Costs

Navig8 also seeks to recover attorneys' fees and costs incurred in the prosecution of the

Petition.  Pet. ¶ 14; Dkt. 2, at 2.  Navig8 does not point to any statutory or contractual authority

for such an award.[2]  Nonetheless,

> [p]ursuant to its inherent equitable powers, . . . a court may award attorney's fees when the
> opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons.  As
> applied to suits for the confirmation and enforcement of arbitration awards, . . . when a
> challenger refuses to abide by an arbitrator's decision without justification, attorney's fees
> and costs may properly be awarded.

*Celsus Shipholding Corp. v. Manunggal*, No. 06 Civ. 13598 (DLC), 2008 WL 474148, at *2

(S.D.N.Y. Feb. 21, 2008) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v.*

*BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)) (internal citations omitted).

Here, Crest, without justification, failed to abide by the Award or respond to the Petition.

Accordingly, the Court will award Navig8 reasonable attorneys' fees and costs incurred in

pursuing this action, upon a timely and proper application.  However, Navig8 has not submitted

any specification or documentation in support of such an award of fees and costs—indeed, based

on Navig8's submission, the Court is unable to determine what amount Navig8 seeks to recover.

The Court invites counsel for Navig8 to submit, within two weeks of this Order, a proper

request.  The request should (1) specify all fees and costs for which Navig8 seeks

reimbursement; (2) supply documentation of such fees and costs, including the hours expended

on this action, counsel's hourly rate, the tasks performed, and costs incurred; and (3) be

accompanied by a memorandum of law explaining why the requested award of fees and costs is

reasonable.

---

[2] While clause 24 of the Charter authorizes the arbitral panel to include costs and a "reasonable
allowance for attorney's fees" in the arbitral award, it does not mention costs or fees incurred in
connection with an action before a court to enforce such an award.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of Navig8 and issues judgment in the amount of $765,436.98, plus interest, accrued from October 11, 2015 to the date of this Order.  As to Navig8's request for attorneys' fees and costs, the Court directs Navig8 to, within two weeks of this decision, submit a revised request, with appropriate specification and documentation as described herein.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 18, 2015
New York, New York