UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NAVIG8 CHEMICALS ASIA PTE., LTD. and
NAVIG8 CHEMICALS POOL, INC.,

           Petitioners,

   -v-

CREST ENERGY PARTNERS, LP,

           Respondent.

------------------------------------------------------------------X

15 Civ. 7639 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On November 18, 2015, this Court granted the motion of petitioners Navig8 Chemicals Asia PTE, Ltd. and Navig8 Chemicals Pool, Inc. (together, "Navig8") to confirm an arbitral award against respondent Crest Energy Partners, LP ("Crest") in the amount of $765,436.98 plus interest. Dkt. 28. The Court stated that, upon a proper application, it would award Navig8 reasonable attorneys' fees and costs incurred in pursuing this action. *Id.* at 9–10. On November 20, 2015, Navig8 submitted a request for $9,784.95 in attorneys' fees and costs, Dkt. 29, accompanied by an affirmation by Navig8's counsel, Dkt. 29, Ex. 1 ("Unger Aff."), an invoice, *id.* ("Invoice"), and a memorandum of law in support, Dkt. 29, Ex. 2. For the foregoing reasons, the Court grants Navig8's request.

**A. Attorneys' Fees**

"[P]ursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards , . . . when a challenger refuses to abide by an arbitrator's decision without justification,

attorney's fees and costs may properly be awarded." *Celsus Shipholding Corp. v. Manunggal*, No. 06 Civ. 13598 (DLC), 2008 WL 474148, at *2 (S.D.N.Y. Feb. 21, 2008) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)) (internal citations omitted).

As discussed in the Court's November 18, 2015 Order, *see* Dkt. 28, at 9, Crest, without justification, failed to abide by the arbitral award issued in Navig8's favor or to respond to Navig8's petition to confirm the award. Accordingly, it is appropriate to award Navig8 reasonable attorneys' fees and costs incurred in prosecuting this action.

The starting point for calculating a "presumptively reasonable fee" is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see generally Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). This "boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)). The party seeking attorneys' fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Here, Navig8 seeks attorneys' fees in the amount of $7,908.50, reflecting 34.40 hours of work. *See* Unger Aff. ¶ 5; Invoice at 3–4. To support their request for such fees, Navig8's counsel submitted an Invoice reflecting the work done by each member of Freehill Hogan & Mahar, LLP ("Freehill Hogan") who worked on the case. *See* Invoice.

"The invoice[] set[s] forth the date on which services were performed, the hours spent, and the nature of the work performed for each attorney and the one paralegal. Such a submission meets the evidentiary threshold for the recovery of attorney's fees." *Spalluto v. Trump Int'l Hotel & Tower*, No. 04 Civ. 7497(RJS) (HBP), 2008 WL 4525372, at *7 (S.D.N.Y. Oct. 2, 2008) (adopting report and recommendation). The Invoice also provides the hourly rates of each individual who worked on the case. *See* Invoice at 4. Michael E. Unger, a partner who has been exclusively practicing maritime law for 24 years, billed at a rate of $335 per hour for 8.1 hours worked ($2,713.50). Unger Aff. ¶¶ 2, 5; Invoice at 4. Jan P. Gisholt, an associate who has been practicing maritime law since 2006, billed at a rate of $230 per hour for 20.2 hours worked ($4,646). Unger Aff. ¶ 5 & n.1; Invoice at 4. Joan Sorrentino, a paralegal, billed at a rate of $150 per hour for 6.10 hours worked ($549). Unger Aff. ¶ 5; Invoice at 4.

### 1. Hourly Rates Charged

The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens*, 522 F.3d at 190–91.

As to Mr. Unger, the Court finds an hourly rate of $335 reasonable for a partner with his level of experience. Courts in this District have routinely found fees ranging from $250 to $350 appropriate for senior litigators with considerable experience in their field, and often approve even higher fees to partners less experienced than Mr. Unger. *See Gentle Wave Shipping S.A. v. Transfield Shipping Inc.*, No. 09 Civ. 7909, 2010 WL 571975, at *2 (S.D.N.Y. Feb. 16, 2010) (citing No. 09 Civ. 7909, Dkts. 19–21)

(approving, in action to confirm arbitral award in maritime context, hourly rate of $620 for partner with 24 years of experience); *Farmer v. Hyde Your Eyes Optical, Inc.*, 13 Civ. 6653 (GBD) (JLC), 2015 WL 2250592, at *14 (S.D.N.Y. May 13, 2015) (awarding an hourly rate of $360 to a partner practicing for 16 years); *Black v. Nunwood, Inc.*, No. 13 Civ. 7207 (GHW), 2015 WL 1958917, at *5–6 (S.D.N.Y. Apr. 30, 2015) (approving hourly rate of $350 for partners with 9–10 years of experience); *GMD Shipyard Corp. v. Nacirema Envtl. Serv. Co. Inc.*, No. 11 Civ. 1631 (RMB) (THK), 2012 WL 1890389, at *2 (S.D.N.Y. Mar. 13, 2012), *report and recommendation adopted*, No. 11 Civ. 1631 (RMB) (THK), 2012 WL 1890903 (recommending approval of maritime law partner's Boston rate of $300, and noting that it was "significantly lower than he bills his clients in New York"); *Verizon Directories Corp. v. AMCAR Transp. Corp.*, No. 05 Civ. 8867 (GBD) (RLE), 2008 WL 4891244, at *5 (S.D.N.Y. Nov. 12, 2008) (approving rates of $425 and $525 per hour for partners with "extensive experience in commercial litigation").

As to Mr. Gisholt, "courts in this district have found that $300 is an appropriate hourly rate for a senior associate with at least eight years' experience." *Black v. Nunwood*, 2015 WL 1958917, at *6 (collecting cases). And courts have awarded associates with comparable maritime law experience to Mr. Gisholt rates similar to that requested here. *See Orient Overseas Container v. Crystal Cove Seafood*, No. 10 Civ. 3166 (PGG) (GWG), 2012 WL 6720615, at *9 (S.D.N.Y. Dec. 28, 2012) (finding hourly rate of $225 reasonable for associate with 13 years of experience practicing maritime law); *see also Gentle Wave Shipping*, 2010 WL 571975, at *2 (citing No. 09 Civ. 7909, Dkts. 19–21) (approving hourly rate of $545 for associate with 15 years of experience,

hourly rate of $330 for associate with three years of experience, and hourly rate of $290 for associate with two years of experience). The Court thus finds Mr. Gisholt's hourly rate of $230 reasonable in light of his nearly 10 years of experience.

As to Ms. Sorrentino, the Court approves the requested rate of $150. "In this District, the market value for paralegals' time ranges from $50 to $150 per hour depending on experience levels." *Spalluto*, 2008 WL 4525372, at *14 (collecting cases); *Heng Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (same). However, courts routinely reduce proposed rates where information regarding the paralegal's background and experience is not provided. *See, e.g.*, *Spalluto*, 2008 WL 4525372, at *14 (S.D.N.Y. Oct. 2, 2008); *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362 (S.D.N.Y. 2005) (reducing requested rate of $125 per hour to $75 per hour where plaintiff failed to submit information about paralegal's experience). Here, Navig8's counsel has provided no information about Ms. Sorrentino's experience. Nonetheless, because Freehill Hogan's website reveals that Ms. Sorrentino has worked at the firm for over 15 years, *see* *http://www.freehill.com/attorneys/paralegals/sorrentino_j.cfm* (last visited Nov. 23, 2015), the Court finds a rate of $150 per hour appropriate.

### 2. Number of Hours Worked

Courts must pay careful attention to the hours for which attorneys seek compensation, making appropriate adjustments for "duplicative hours." *Wong v. Mangone*, 450 F. App'x 27, 32 (2d Cir. 2011) (summary order). Courts are obliged to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet*

*St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (internal quotation marks omitted).

The Court has reviewed the Invoice provided by Navig8's counsel, and concludes that it reflects sound billing practices: It is thorough, detailed, relevant, and easy to understand, with no evident duplication of effort. Accordingly, the Court finds the hours that counsel expended reasonable.

The Court thus approves a fee award of $7,908.50, an amount it finds reasonable in light of previous awards issued in similar cases in this District. *See, e.g., Rhonda Enterprises S.A. v. Projector S.A.*, No. 08 Civ. 9563 (DLC) (S.D.N.Y. Feb. 17, 2009), Dkt. 10, at 1–2 (awarding $14,975.32 for attorneys' fees in connection with arbitration award confirmation proceeding where respondent failed to abide by the arbitrator's decision or appear in the action before the court).

### B. Costs

Courts in this Circuit will generally grant "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quoting *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)).

To support their request for reasonable costs, Navig8's counsel submitted an itemization of the costs incurred over the course of this action. *See* Invoice at 4. Navig8 seeks to recover $1,876.45 for disbursements, including courier service expenses, process service, telephone and online research expenses, digital reproduction, and court filing fees.

Having reviewed Navig8's disbursements, the Court finds them adequately documented, reasonable, and of the type commonly reimbursed by courts in this District. *See, e.g., Nautilus Neurosciences, Inc. v. Fares*, No. 13 Civ. 1079 (SAS), 2014 WL 1492481, at *4 (S.D.N.Y. Apr. 16 2014) (awarding $5,514.39 in costs, including court fees, administrative fees, photocopying, and legal research expenses); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015) (awarding $1,483.05 in costs, including filing fees, proof of service, court reporter services, and interpreter costs); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2d Cir. 2004), *superseded and amended on other grounds by* 522 F.3d 182 (2d. Cir. 2008) ("[I]n the context of a fee-shifting provision, the charges for . . . online research may properly be included in a fee award."). They are, therefore, included in Navig8's fee award.

## CONCLUSION

For the reasons stated above, the Court grants Navig8's request for reasonable attorneys' fees and costs, in the total amount of $9,784.95 ($7,908.50 for attorneys' fees, plus $1,876.45 for costs). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: November 24, 2015
       New York, New York